UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AARON JACKSON,

        Plaintiff,

v.

HEATHER SHIRLEY, et al.,

        Defendants.

Case No. 1:23-cv-00509-EPG (PC)

ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST

TWENTY-ONE-DAY DEADLINE

Aaron Jackson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.  Plaintiff filed the operative complaint on May 30, 2023.  (ECF No. 3).

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action.  While there are several marks, Plaintiff appears to admit that there is an available administrative remedy.   (ECF No. 3, p. 2).  Additionally, Plaintiff asserts that he filed a 602 concerning all facts in his complaint, but that he is still waiting on the decision.  (Id.).

As Plaintiff appears to admit that there is an available remedy that he had not yet exhausted at the time he filed the operative complaint, the Court will order Plaintiff to file a response within twenty-one days, explaining why this action should not be dismissed for failure

1

to exhaust available administrative remedies.  Such a dismissal would be without prejudice, so that Plaintiff may be able to refile the action after exhausting administrative remedies, to the extent those remedies are still available to him.

## I.      LEGAL STANDARDS

The California prison grievance system has two levels of review.  Cal. Code Regs. tit. 15, §§ 3483, 3485.  "Completion of the review process by the Institutional or Regional Office of Grievances resulting in a decision of 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(8) through (g)(10) of [] section [3483] does constitute exhaustion of all administrative remedies available to a claimant within the department."  Cal. Code Regs. tit. 15, § 3483(l)(2).  Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of [] section 3485 constitutes exhaustion of all administrative remedies available to a claimant within the department."  Cal. Code Regs. tit. 15, § 3485(l)(1).

However, "[c]ompletion of the review process by the Institutional or Regional Office of Grievances resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'redirected,' 'reassigned,' or 'rejected' in accordance with subsections (g)(1) through (g)(6) of [] section [3483] does not constitute exhaustion of all administrative remedies available to a claimant within the department.  Nor does completion of the review process resulting in a 'disallowed' decision in accordance with subsection (g)(7) of this section…."  Cal. Code Regs. tit. 15, § 3483(l)(1).  Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision to 'redirect,' 'reassign,' or 'reject' a claim in accordance with subsections (g)(4) through (g)(6) of [] section [3485] does not constitute exhaustion of all administrative remedies available to a claimant within the department.  Nor does completion of the review process resulting in a 'disallowed' decision in accordance with subsection (g)(7) of this section…."  Cal. Code Regs. tit. 15, § 3485(l)(2).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that

"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing the operative complaint.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam); Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022). The exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint."  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 578 U.S. 632, 639-40, 642 (2016).

As discussed in Ross, 578 U.S. at 648, there are no "special circumstances" exceptions to the exhaustion requirement.  The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner."  Id. at 639.  The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.  See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use….
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation….  As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 643-44 (footnote omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."  Andres v. Marshall, 867 F.3d

1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a).  <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## II.    ANALYSIS

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action.  Plaintiff appears to state that there is an administrative remedy process available to him, and that he filed a 602 concerning all facts in his complaint.  (ECF No. 3, p. 2).  However, he also states that the process is not complete and that he is "still waiting on the decision."  (<u>Id.</u>).

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies.  The Court notes that this dismissal would be without prejudice.  Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

The Court also welcomes Plaintiff to file any documents he believes demonstrates that he has exhausted all available administrative remedies.

## III.    ORDER TO SHOW CAUSE

Accordingly, it is HEREBY ORDERED that, within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.  Plaintiff's response may also contain any documents Plaintiff believes are responsive to the exhaustion issue.  If Plaintiff fails to file a response the Court may recommend to a district judge that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies.

\\\
\\\
\\\
\\\
\\\

1     Again, if Plaintiff's case is dismissed for failure to exhaust administrative remedies,

2 Plaintiff may refile the complaint after he has exhausted administrative remedies to the extent

3 those remedies are still available to him.

4

5 IT IS SO ORDERED.

6     Dated:  __**July 5, 2023**__              /s/ Erica P. Grosjean

7                                     UNITED STATES MAGISTRATE JUDGE