UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACKSON,<br><br>              Plaintiff,<br><br>    v.<br><br>HEATHER SHIRLEY, *et al.*,<br><br>             Defendants. | Case No. 1:23-cv-00509-JLT-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE STATEMENTS REGARDING SCHEDULE AND DISCOVERY<br><br>(ECF No. 30)<br><br>SIXTY DAY DEADLINE |

      The Court has screened Plaintiff's complaint (ECF No. 11) and has ordered the case to proceed on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Shirley, Degough, and Cronjager (ECF No. 12). Defendants have appeared and filed an Answer on August 2, 2024. (ECF No. 22).

      On August 14, 2024, the Court issued an order requiring each party to submit a statement regarding the schedule and discovery matters. (ECF No. 24). Defendants filed theirs. (ECF No. 27). After Plaintiff failed to timely file his, the Court *sua sponte* granted Plaintiff an extension of time to do so, until October 15, 2024. On October 11, 2024, the Court received Plaintiff's motion for extension of time to file scheduling and discovery statements (ECF No. 30), which is now before the Court for consideration.

      In his motion, Plaintiff details his various health ailments. He then states he is "still working on witnesses," and that the documents he is planning on using are "the Tracy State Prison Water Issue and Nicholas Shapiro who wrote about toxic water in California State Prison,

1

and federal safe drinking water act." (ECF No. 30 at 1–2). Plaintiff also states, "[r]egarding discovery I'm still awaiting CDCR Medical Information about my health I do not know when CDCR Medical Staff will release the discovery about the trauma the water at Wasco State Prison has caused." (*Id.* at 2). Plaintiff then asks the Court to allow him 60 more days for his discovery because he is pro se and "the medical staff has to release [his] medical records." (*Id.* at 2).

The Court's order requiring parties to submit schedule and discovery statements did not require parties to obtain, exchange, or submit any discovery or records. (ECF No. 24). Plaintiff was merely required to file **a statement** regarding the anticipated schedule, known witnesses, and a description of the documents a party expects to use or may require to litigate this case. (*See generally id.*; *see also* ECF No. 27, Defendants' Statement of Scheduling and Discovery).

Nevertheless, the Court will grant one further extension of time for Plaintiff to provide the discovery and scheduling statement. No further extensions to this deadline will be granted.

Additionally, the Court will separately issue a scheduling order so the case can proceed without further delay.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion for Extension of Time (ECF No. 30) is **GRANTED**. Plaintiff shall file a statement regarding schedule and discovery **within 60 days** of this Order. This statement must comply with the provisions of the Court's Order Requiring Statements from Parties Regarding Schedule and Discovery (ECF No. 24) and does not need to include any records. No further extensions to this deadline will be granted.
2. Along with this Order, the Clerk of Court is directed to send Plaintiff a copy of the Court's order Requiring Statements from Parties Regarding Schedule and Discovery (ECF No. 24) and Defendant's Scheduling and Discovery Statement (ECF No. 27).

\\\
\\\
\\\
\\\

3. If Plaintiff fails to comply with this order, the case may be dismissed for failure to prosecute and obey a court order.

IT IS SO ORDERED.

Dated: __October 17, 2024__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE