UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER SHIRLEY, et al.,<br><br>　　　　Defendants. | Case No.　1:23-cv-00509-JLT-EPG<br><br>ORDER RE: CONSTRUED MOTION TO EXTEND NON-EXPERT DISCOVERY DEADLINE<br><br>(ECF No. 37) |

　　　　This case proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Shirley, Cronjager, and Degough regarding allegedly contaminated water at Wasco State Prison. (ECF No. 12). Under the scheduling order, non-expert discovery expired on June 17, 2025. (ECF No. 32). The next deadline in the case is the September 15, 2025 dispositive motion deadline. (ECF No. 36).

　　　　Now before the Court is Plaintiff's letter regarding discovery, dated June 20, 2025, which states as follows:

> I am writing this letter because this Prison has been on lockdown. I'm unable to get copies; the print service on the tablet/mailroom is printing 2 or 3 of the same paper so my discovery is still incomplete with this letter due to the mailroom printing the same paper. I'll be sending 5 more papers to add to my discovery and I'm still missing 3 to 4 more papers that goes with my discovery. I ask the Court to bear with me on this problem I'm having, please and thank you.

(ECF No. 37, p. 1) (minor alterations for readability).

　　　　Attached to Plaintiff's letter is what appears to be a news article that discusses certain chemicals that have been found in water.

1

The Court construes Plaintiff's letter as a motion to extend the non-expert discovery deadline so that he can provide Defendants with outstanding discovery due to problems at his prison's mailroom. The Court will grant the motion to the extent that it will extend the non-expert discovery deadline to August 4, 2025, to allow Plaintiff to provide outstanding discovery to Defendants.

However, Plaintiff is advised that, under Federal Rule of Civil Procedure 5, he shall not file written discovery with the Court unless the discovery is being used in a proceeding, *e.g.*, as evidence to support a dispositive motion filing. Fed. R. Civ. P. 5(d)(1)(A) ("But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."). Accordingly, Plaintiff should provide his discovery directly to Defendants and not to the Court.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's construed motion to extend the non-expert discovery deadline is GRANTED, (ECF No. 37), insofar as the non-expert discovery deadline is extended to August 4, 2025, for the limited purpose of allowing Plaintiff to provide outstanding discovery to Defendants.

2. All other deadlines remain as previously set.

IT IS SO ORDERED.

Dated: **July 7, 2025**     /s/ Erica P. Grosjean
                             UNITED STATES MAGISTRATE JUDGE

2